O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JANE DOE 1, an individual | ) | Case No. 19-cv-6962 DDP (RAOx) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) ) | **ORDER RE: PLAINTIFF'S MOTION TO RETAX COSTS** |
| MANHATTAN BEACH UNIFIED SCHOOL DISTRICT; TYLER GORDON; BEN DALE; and DOES 2-10, inclusive, | ) ) ) ) | [Dkt. 264] |

Presently before the court is Plaintiff Jane Doe's ("Plaintiff") Motion to Retax Costs. (Dkt. 264.) After considering the parties' submissions and having heard oral argument, the court GRANTS the Motion, and adopts the following Order.

///
///
///
///
///
///

**I. BACKGROUND**

This case arises out of an alleged off-campus rape involving former high school students, Plaintiff and Tyler Gordon. (*See* Dkt. 64, Second Amended Complaint ("SAC").) Plaintiff filed this action, naming Manhattan Beach Unified School District (the "School District"), Mira Costa High School Principal Ben Dale ("Principal Dale"), and Gordon as defendants. (*Id.*)

Plaintiff's operative SAC alleged claims against the School District arising under state law and Title IX based on the theory of deliberate indifference of student-on-student harassment and on the theory that it discriminated against Plaintiff on the basis of sex by failing to initiate an investigation into the alleged rape and in conducting its Title IX investigation. (*See id.*) Plaintiff's Section 1983 claim against Principal Dale was based on deliberate indifference to sexual harassment motivated by gender bias. (*Id.*) On February 1, 2021, the School District and Principal Dale moved for summary judgment, which the court subsequently granted, thus disposing of the Title IX and Section 1983 claims against the School District and Principal Dale. (Dkt. 234.)[1] Plaintiff's claims against Gordon for intentional infliction of emotional distress, sexual battery, and assault remain in this case.

On September 14, 2021, the School District, on behalf of the District Defendants, filed an Application to the Clerk to Tax Costs against Plaintiff, requesting an award of $20,687.64. (Dkt. 240.) The Clerk issued a Bill of Costs in the amount of $18,790.39 in favor of the District Defendants. (Dkt. 68.) Plaintiff now moves to re-tax costs based upon the record submitted to the Clerk. (Dkt. 70.)

///

///

---

[1] In this Order, the School District and Principal Dale are collectively referred to as the "District Defendants."

2

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). The losing party has the ultimate burden to show that an award would be inequitable under the circumstances. *See Nat'l Info. Servs. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995), *overruled in part on other grounds*, 231 F.3d 572 (9th Cir. 2000).

**III. DISCUSSION**

Plaintiff urges the court to deny the award of costs to the District Defendants for several reasons. Plaintiff first argues that the court should exercise its discretionary authority to deny costs based on (1) "the substantial public importance of the case"; (2) "the closeness and difficulty of the issues"; (3) "the chilling effect on future similar actions"; (4) "the plaintiff's limited financial resources"; and (5) "the economic disparity between the parties." (Mot. at 2 (citing *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014).) Plaintiff alternatively argues that certain deposition-related costs should be deducted from the total award, or, that the court should stay enforcement of an award of costs pending resolution of Plaintiff's appeal to the Ninth Circuit. (Mot. at 7, 14; Reply at 8, 11.) In response, the District Defendants argue that the court should award the full costs originally granted by the Clerk. (Opp. at 2, 11.)

Plaintiff's reasons for the court to deny costs are persuasive. First, this case concerns issues of substantial public importance. Plaintiff is an alleged victim of rape. The underlying litigation concerned important issues regarding an educational institution's obligations to investigate and promptly respond to an alleged claim of off-campus rape and on-campus student-on-student harassment. Plaintiff's claims also

3

raised important issues regarding discrimination and gender bias against student victims of sexual assault. As a general matter, civil rights claims within the Title IX context directly affect student victims and their families, the community, and the integrity of the public education system. Although Plaintiff's claims did not survive summary judgment, they ultimately concerned issues of substantial public importance.

Second, the case concerned close and difficult issues. Although Plaintiff did not meet her burden of proof on summary judgment, Plaintiff's case was not frivolous. The motion required careful consideration of the evidence presented on both sides. On balance, this factor weighs in favor of the denial of costs.

Third, imposing costs on Plaintiff could deter student victims of sexual assault from vindicating important rights under Title IX. As one district court aptly stated, "[r]isking the imposition of thousands of dollars in costs . . . in order to vindicate rights they are guaranteed as students would likely deter potential litigants from 'test[ing] the boundaries of our laws and making progress in the realm of Title IX civil rights." *Mansourian v. Board of Regents of Univ. of California at Davis*, 566 F. Supp. 2d 1168, 1172 (E.D. Cal. 2008) (citing *Stanley v. Univ. of South. California*, 178 F.3d 1069, 1079-80 (9th Cir. 1999)). This case also raises issues of great public concern within the context of Title IX and sheds light on the measures an educational institution must take when faced with reports of sexual misconduct. This factor favors the denial of costs.

Fourth, Plaintiff has shown that she has limited financial resources. Plaintiff is a full-time college student with a part-time job. (Dkt. 264-2, Plf.'s Decl. ¶¶ 2-3.) Although Plaintiff receives some assistance from her parents, Plaintiff's modest income pays for her daily expenses. (*Id.* ¶ 3.) Further, Plaintiff's sworn declaration indicates that she does not have enough income or savings to pay the costs against her. (*Id.* ¶ 4.) *See also Mansourian*, 566 F. Supp. 2d at 1171 (refusing to award costs against student plaintiffs, noting their "limited financial resources" and that they were barely able to cover their monthly living expenses). On balance, this factor favors the denial of costs.

4

        Fifth, the court finds that the degree of economic disparity between the parties' wealth favors the denial of costs. The District Defendants argue that Plaintiff has "more financial resources" because Plaintiff earns an income and receives "some assistance" from her parents. (Opp. at 8.) The District Defendants reason, in part, that the School District is a "not-for-profit entity" and receives funds "from the tax-paying public." *Id.* However, courts have rejected similar arguments. *See, e.g.*, *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593 (upholding district court's reasons for denying recovery, which included the economic disparity between the plaintiffs and the State of California); *Mansourian*, 566 F. Supp. 2d at 1171 (concluding there was a "significant economic disparity" between plaintiffs and a public university with a "substantial budget"). The District Defendants also reason that they have spent hundreds of thousands of dollars in defending this action and continue to incur fees and costs to respond to Plaintiff's motions and participate in appellate proceedings. However, it is unclear to the court how Plaintiff is in a financially superior position to pay costs simply because the District Defendants have had to pay defense costs. School districts generally receive funding not only from state taxpayers, but also from state, federal, and local government resources. Plaintiff, on the other hand, is a full-time student with a part time job and must use that income toward her living expenses. On balance, the court concludes there is economic disparity between Plaintiff and the District Defendants.

        Under the circumstances of this case, Plaintiff has overcome the presumption in favor of awarding costs and has shown that an award of costs would be inequitable. Therefore, the court, in its discretion, declines to award costs in this matter.

///
///
///
///
///

**IV. CONCLUSION**

  For the reasons stated above, the court GRANTS Plaintiff's Motion to Retax Costs. **IT IS SO ORDERED.**

Dated:  3-7-2022

                 _____
                 DEAN D. PREGERSON
                 UNITED STATES DISTRICT JUDGE